UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER JOHN BYRNE, | : <br> : <br> : |
| plaintiff, | : <br> : |
| v. | : CASE NO. 3:19-cv-00066(RAR) <br> : |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | : <br> : <br> : <br> : |
| defendant. | : |

## RULING ON PENDING MOTIONS

Christopher John Byrne ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated December 10, 2018. Plaintiff timely appealed to this court. Currently pending are plaintiff's motion for an order reversing and remanding his case for a hearing (Dkt. #15-2) and defendant's motion to affirm the decision of the Commissioner. (Dkt. #17.)

---

[1] Andrew Saul is the new Commissioner of Social Security and has been added as a party automatically.

For the reasons that follow, the plaintiff's motion to reverse, or in the alternative, remand is GRANTED and the Commissioner's motion to affirm is DENIED.

**STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be

2

sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

The Social Security Act("SSA") provides that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled,

3

In order to be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[3]

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits under Title II on December 4, 2015. (R. 184.)[4] Plaintiff alleged a disability onset date of June 1, 2014. (R. 184.) At the time of application, plaintiff alleged that he suffered from

---

without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work." Id.

[4] The Court cites pages within the administrative record as "R. ___."

hypertension, cervical myofascial pain, cervicogenic headaches, myalgia, cervical facet syndrome, degenerative disc disease, kidney stones, gall stones, an inflamed liver, and arthritis in his back. (R. 99.) The initial application was denied on January 14, 2016, and again on April 13, 2016, upon reconsideration. (R.69-82, 84-99.) Plaintiff then filed for an administrative hearing which was held by ALJ Alexander P. Borré (hereinafter the "ALJ") on October 17, 2017. (R. 35-67.) The ALJ issued an unfavorable decision on November 13, 2017. (R. 10-25.) On January 11, 2018, plaintiff sought a review by the Appeals Council, which was denied on December 10, 2018. (R. 1-4.) Plaintiff then filed this action seeking judicial review. (Dkt. #15-2.)

**DISCUSSION**

Plaintiff asserts that he is entitled to remand because the ALJ was not properly appointed; the ALJ's examination of plaintiff's pain and his determinations at step five are not supported by substantial evidence; and the ALJ failed to develop the record. (Pl. Br. 1, 8, 18, 22.) Based on the following, the Court finds that plaintiff's challenge to the appointment of the ALJ was untimely. However, the ALJ failed to develop the record. The Court therefore remands the ALJ's decision without considering plaintiff's remaining claims.

5

**I. Plaintiff's Challenge to the ALJ's Appointment**

Plaintiff asserts that because the ALJ was not properly appointed when he decided plaintiff's case, plaintiff is entitled to a new hearing. The Court disagrees.

In Lucia v. S.E.C., the United States Supreme Court held that a party "who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S.Ct. 2044, 2055 (2018). Lucia himself "made just such a timely challenge: He contested the validity of [the] appointment before" the administrative agency. Id.

Courts that have considered the Appointments Clause issue in the wake of Lucia and in the context of Social Security proceedings are divided on what constitutes a "timely challenge" to the authority of an ALJ. The majority of courts, including the overwhelming majority of courts in the Second Circuit,[5] have concluded that for an Appointments Clause challenge to be "timely," it must have been raised during the administrative proceedings. See, e.g., Kevin F. v. Comm'r of Soc. Sec., No. 5:18CV01454(ATB), 2020 WL 247323, at *1 (N.D.N.Y. Jan. 16, 2020); Demoranville v. Saul, No. 3:18CV01930(RAR), 2019 WL 6712056, at *2-3 (D. Conn. Dec. 10, 2019); Caruso v. Saul, No.

---

[5] The Second Circuit Court of Appeals has not yet spoken on this issue.

6

3:18CV01913(RMS), 2019 WL 5853527, at *13 (D. Conn. Nov. 8, 2019); Debiase v. Saul, No. 3:19 CV 68 (RMS), 2019 WL 5485269, at *4 (D. Conn. Oct. 25, 2019); Nestor v. Comm'r of Soc. Sec., No. 19CV00580(BMC), 2019 WL 4888649, at *3 (E.D.N.Y. Oct. 3, 2019); McMorris v. Comm'r of Soc. Sec., No. 6:18CV06118(DDB), 2019 WL 2897123, at *11 (W.D.N.Y. June 26, 2019); Bonilla-Bukhari v. Berryhill, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019); Johnson v. Berryhill, No. 3:17CV01651(VAB), 2019 WL 1430242, at *14 (D. Conn. Mar. 29, 2019); Lobbe v. Berryhill, No. 17CV5889(HBP), 2019 WL 1274941 at *20 (S.D.N.Y. Mar. 20, 2019).[6]

A minority of courts, however, have found that the failure to raise an Appointments Clause challenge at the administrative level does not waive or otherwise forfeit the issue on appeal to the district court. See, e.g., San Filippo v. Berryhill, No. 18CV10156(VSB)(KNF), 2020 WL 62039, at *3 (S.D.N.Y. Jan. 3, 2020);[7] Tutolo v. Berryhill, No. 18CV10538(ER)(KNF), 2019 WL

---

[6] In addition, several decisions in the Second Circuit have found the Appointments Clause issue to be mooted by remand for a different purpose. See, e.g., Faussett v. Saul, No. 3:18CV00738(MPS), 2020 WL 57537, at *5 n.5 (D. Conn. Jan. 6, 2020) ("In July 2018, the Commissioner ratified the appointments of Social Security ALJs and 'approved those appointments as her own.' SSR 19-1P, 2019 WL 1324866, at *2. As a result, the ALJ hearing the plaintiff's case on remand will have been properly appointed.").

[7] The Court notes that the plaintiff in San Filippo argued that "SSR 19-1p proves that a claimant need not raise a Lucia Appointments Clause challenge at the ALJ level in order to obtain relief on that issue." San Filippo, 2020 WL 62039, at *2. Even accepting, for the sake of argument, that proposition, SSR

7

6603905, at *1 (S.D.N.Y. Dec. 3, 2019); Bizarre v. Berryhill, 364 F. Supp. 3d 418, 419-26 (M.D. Pa. 2019); Culclasure v. Comm'r of Soc. Sec. Admin., 375 F. Supp. 3d 559, 561-74 (E.D. Pa. 2019); Bradshaw v. Berryhill, 372 F. Supp. 3d 349, 358-63 (E.D.N.C. 2019); Probst v. Berryhill, 377 F. Supp. 3d 578, 582-88 (E.D.N.C. 2019).

The Court has carefully considered both approaches to this issue. Ultimately, the Court finds that the plain language of Lucia requiring a "timely" challenge to an officer's authority bars plaintiff's argument here. Because the Lucia Court found that Lucia had made "a timely challenge[,]" 138 S. Ct. at 2055, by raising the issue with the officer hearing his case at the administrative level, the Court concludes, like the majority of courts to have considered this issue, that for an Appointments Clause challenge to be "timely," it must be raised during the underlying administrative proceedings. This conclusion comports with other Supreme Court precedent, which acknowledges the importance of raising an Appointments Clause challenge during the underlying administrative proceedings:

> Repetition of the objection in [the administrative proceedings] might lead to a change of policy, or, if it did not, the Commission would at least be put on notice of the accumulating risk of wholesale reversals being

---

19-1 still requires that the argument be raised before the Appeals Council for it to be considered "timely." See SSR 19-1, 2019 WL 1324866 at *3. Here, plaintiff failed to raise the issue either before the ALJ or before the Appeals Council.

8

> incurred by its persistence. Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.

United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952) (footnote omitted).

Accordingly, the Court concurs with the majority of post-Lucia authority that plaintiff forfeited his Appointments Clause challenge by failing to timely raise it during the administrative proceedings below. See, e.g., Willis v. Comm'r of Soc. Sec., No. 1:18CV158(MRB), 2019 WL 5690610, at *3 (S.D. Ohio Nov. 4, 2019); Nathan K. v. Saul, No. CV 18351(JPR), 2019 WL 4736974, at *3 n.5 (C.D. Cal. Sept. 27, 2019). Thus, the Court will not remand this matter to a different ALJ based on plaintiff's Appointments Clause challenge.

**II. The ALJ Failed to Develop the Record**

Plaintiff alleges a disability onset date of June 1, 2014. (R. 184.) From much of 2014 through September 15, 2017, plaintiff was treated by Dr. Bhovesh Patel and APRN Huskic. (R. 323-34, 345-59.) From May of 2014 through September of 2017, plaintiff was treated by Dr. Jabbour (R. 426, 437-38, 459-60, 478-88, 496-97, 652-53, 667, 846-47, 916) and from July of 2015 through December of 2016, plaintiff was treated by Dr. Eduardo Mari. (R. 407-09, 809-12.) Plaintiff was also treated by Dr.

9

York Moy between February of 2015 and August of 2017. (R. 363–71, 376–83, 514–17, 926–29.) Plaintiff asserts that the ALJ failed to develop the record by failing to obtain medical opinions from these treating physicians and APRN Huskic. (Pl. Br. 1–8.) The Court agrees that the ALJ had an obligation to obtain opinions from plaintiff's treating physicians but failed to do so.

An ALJ has the affirmative duty to develop the record "in light of 'the essentially non-adversarial nature of a benefits proceeding.'" Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (quoting Echevarria v. Secretary of HHS, 685 F.2d 751, 755 (2d Cir. 1982)); see also Swiantek v. Commissioner, 588 F. App'x 82, 83-84 (2d Cir. 2015). "When an unsuccessful claimant files a civil action on the ground of inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, No. 3:10-cv-937(CFD), 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94 F.3d 34, 37–38 (2d Cir. 1996)).

The regulations make clear that while the ALJ "will ordinarily request a medical opinion as part of the consultative examination process, the absence of a medical opinion in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n. However, the ALJ "will not request a consultative examination until [she has] made every

reasonable effort to obtain evidence from [the claimant's] own medical sources." 20 C.F.R. § 404.1512.

A court must remand "where 'the medical records obtained by the ALJ do not shed any light on the [claimant's RFC], and [where] the consulting doctors did not personally evaluate' the claimant." Martinez v. Berryhill, No. 3:17-cv-843 (SRU), 2019 WL 1199393, at *11 (D. Conn. Mar. 14, 2019) (quoting Guillen v. Berryhill, 697 F. App'x 107, 108-09 (2d Cir. 2017) (summary order)). "The record is insufficient when '[t]he medical records discuss [the claimant's] illnesses and suggest treatment for them, but offer no insight into how [the] impairments affect or do not affect [the claimant's] ability to work, or [his] ability to undertake the activities of daily life.'" Martinez, 2019 WL 1199393, at *11 (alterations in original) (quoting Guillen, 697 F. App'x at 109).

The ALJ examined the opinion of only one treating physician, LCSW Gugliotti. As plaintiff highlights, no other treating physicians provided an opinion. (Pl. Br. 1–2.) Mr. Gugliotti opined that plaintiff sometimes had problems taking care of his personal hygiene and frequent problems handling frustration appropriately. (R. 509.) The ALJ rejected Mr. Gugliotti's opinion as inconsistent with the record and assigned it little weight. (R. 22–23.) Mr. Gugliotti's opinion was

11

limited to plaintiff's mental limitations and offered no opinion as to plaintiff's physical limitations. (R. 508-11.)

Regarding plaintiff's physical limitations, the medical records do not shed any light on plaintiff's RFC because the record contains only medical records discussing plaintiff's illnesses and treatment. Martinez, 2019 WL 1199393, at *11. The ALJ examined only the opinions of State Agency medical consultants, Doctors Scovern and Bernstein, when determining plaintiff's physical limitations. (R. 21-23.) As the ALJ noted, Doctors Scovern and Bernstein did not examine plaintiff, did not have access to later submitted medical evidence, and merely based their opinion on plaintiff's medical records. (R. 21, 73-74, 93-95.) The ALJ's reliance on the state agency physicians' opinions, even if consistent with the record, is insufficient without further opinions from plaintiff's treating physicians. Card v. Berryhill, No. 3:18CV1060(AWT), 2019 WL 4438322, at *4 (D. Conn. Sept. 16, 2019). Such an error demands remand. Id.

Thus, without opinion evidence from any examining or treating physicians, there was an obvious gap in the record. Martinez, 2019 WL 1199393, at *11. Further, the record was insufficient because plaintiff's medical records do not offer insight into how plaintiff's impairments affect his ability to work. See id. Remand is necessary because the medical records

12

obtained do not shed light on plaintiff's RFC and the State Agency physicians did not personally examine plaintiff. Id. On remand, the ALJ should attempt to obtain statements from plaintiff's treating physicians regarding his physical RFC.

### III. The Court Will Not Consider Plaintiff's remaining challenge to the Vocational Expert's testimony or whether substantial evidence supports the ALJ's decision.

In light of the Court's findings above, the Court need not reach the merits of plaintiff's remaining arguments. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this ruling. On remand, the Commissioner will address the other claims of error not discussed herein.[8]

## CONCLUSION

Based on the foregoing reasons, plaintiff's motion for an order to remand the Commissioner's decision (Dkt. #15-2) is GRANTED and the Commissioner's motion to affirm that decision (Dkt. #17) is DENEID.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the

---

[8] The Court offers no opinion on whether the ALJ should or will find plaintiff disabled on remand. Rather the Court finds remand is appropriate to permit the ALJ to obtain a particularized statement from plaintiff's treating physician concerning her physical residual functional capacity.

13

appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 23nd day of January, 2020, at Hartford, Connecticut.

                                    /s/
                                Robert A. Richardson
                                United States Magistrate Judge