```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHRISTOPHER B.,                       :
                                      :
    plaintiff,                        :
                                      :
v.                                    :   CASE NO. 3:19-cv-66(RAR)
                                      :
KILOLO KIJAKAZI,                      :
COMMISSIONER OF                       :
SOCIAL SECURITY,                      :
                                      :
    defendant.                        :
```

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Christopher B. ("plaintiff") has moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is seeking $34,200.00, which is less than twenty-five percent of the past due Social Security benefits paid to plaintiff. (Dkt. #22 at 7.) The Commissioner, in his limited role in this type of proceeding, does not object to the granting of this motion, but notes that there is an unusual issue related to the timeliness of plaintiff's motion. (Dkt. #23 at 2-3.)

Following a denial of benefits by an Administrative Law Judge ("ALJ"), plaintiff's counsel filed the instant action seeking judicial review of the adverse decision by the ALJ. (Dkt. #1.)  The Court reversed and remanded that decision to the Social Security Administration ("SSA") for further proceedings after which the ALJ issued a partially favorable ruling finding

plaintiff to be entitled to benefits. (Dkt. #22 at 1-2.)  On October 18, 2022 a Notice of Award was issued and indicated that the SSA had withheld $42,213.88, which was noted to be 25% of the past due benefits to which plaintiff was entitled. (Dkt. #22-1 at 5.)

In evaluating a motion for attorney's fees in the Social Security context, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) (citing 42 U.S.C. § 406(b)(1)(A)).  In Fields, Judge Calabresi outlined the now well-established "guidelines for courts conducting this reasonableness analysis, instructing [courts] to consider: a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted).

In addition, "as a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel." Id. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Id. at 854.

2

Rather, the court should consider the "ability and expertise of the lawyer" involved, the "nature and length of the professional relationship with claimant," the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits.  Id. at 854-55.  As the Second Circuit noted, "even a high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."  Id. at 854.

In the instant case, there is no evidence of any undue delay or fraud on the part of plaintiff's counsel. Additionally, the requested amount is less than 25% of the award of benefits.  In analyzing the relevant factors regarding the reasonableness of the award, the Court finds that the requested award does not constitute a windfall.  Plaintiff's counsel is experienced and skilled in the area of Social Security disability appeals and regularly represents claimants before this Court.  Plaintiff's counsel has expended 36.9 hours of time in representing the plaintiff in federal court actions and the corresponding hearings before an ALJ.  The Court presumes that plaintiff, who has now been awarded benefits, is content with counsel's performance in this case.  For these reasons the award of $34,200, which amounts to an hourly rate of $950.00, is reasonable.[1]

---

[1] The Court notes that plaintiff's counsel is seeking less than the 25% withheld from the award of past benefits.  Plaintiff's counsel asserts

The final issue that needs to be addressed in this case is the unusual timing of the Notice of Award and, whether the plaintiff's motion for attorney's fees was timely filed. Plaintiff's counsel asserts that ALJ John Aletta issued the favorable decision on September 12, 2022. Thereafter, on October 18, 2022, a Notice of Award issued, triggering the fourteen day window in which plaintiff's counsel must file a motion for fees. However, as both parties represent, it is unusual for the Notice of Award to issue within the 60-day window following the ALJ's decision. (Dkt. #22 at 5 and Dkt. #23 at 3.) This is due to the fact that during the 60-day window it is possible for the Appeals Council to review the ALJ's decision and potentially overturn it. (Dkt. #22 at 5-7.) Accordingly, plaintiff's counsel filed the instant motion within 14 days of the date that the ALJ's decision became final. (Dkt. #22 at 5-6.)

The Second Circuit Court of Appeals has held that the 14-day filing period applicable to this case, "is not absolute." Sinkler v. Berryhill, 932 F.3d 83, 89 (2d Cir. 2019). Indeed, "district courts are empowered to enlarge that filing period where circumstances warrant." Id. The Court has considered the

---

that due to the size of the award and the time involved in this case, counsel did not think the full award of 25%, which worked out to over $1000 per hour, was reasonable.

4

unusual circumstances present in this case. In light of the possibility that the Appeals Council could have reversed or remanded the ALJ's determination, it was appropriate for plaintiff's counsel to wait until the expiration of the 60-day period prior to filing the motion for attorney's fees. Therefore, the Court finds that the motion was timely filed under the specific circumstance present in this case.

## CONCLUSION

Based on the foregoing, plaintiff's motion for an award of attorney's fees in the amount of $34,200.00 is GRANTED. Upon receipt of the fees, plaintiff's counsel has indicated that he will refund to plaintiff the smaller of the fee awarded herein, or previously awarded under the Equal Access to Justice Act.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 27th day of February, 2023, at Hartford, Connecticut.

                                                  /s/
                                      Robert A. Richardson
                                      United States Magistrate Judge